# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC BURKE, CRAIG BARKER, RICK CALTON, ARTHUR SALISBURY, WILLIAM CORY TANNER, BRIAN TANNER, and TONY WEAVER, on behalf of themselves and all others similar situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>BIMBO BAKERIES USA, INC. and, BIMBO FOODS BAKERIES DISTRIBUTION, LLC,<br><br>           Defendants. | Civil Action No. 7:19-cv-11101 (KMK) |

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS
## <u>PLAINTIFFS' CLASS ACTION CLAIMS</u>

## <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    PROCEDURAL BACKGROUND.................................................................... 2

III.   ARGUMENT ...................................................................................................... 5

    A.     Plaintiffs' Claims Should Be Dismissed Pursuant To The First-Filed Rule.......... 5

IV.    CONCLUSION.................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Burke v. Bimbo Bakeries USA, Inc.*,
    No. 19-cv-0902 (N.D.N.Y.) ............................................................................ *passim*

*Burke v. Bimbo Bakeries USA, Inc.*,
    No. 519CV902MADATB, 2019 WL 6068038 (N.D.N.Y. Nov. 15, 2019) .................... *passim*

*Castillo v. Taco Bell of Am., LLC*,
    960 F. Supp. 2d 401 (E.D.N.Y. 2013) .....................................................................5

*Curtis v. DiMaio*,
    46 F. Supp. 2d 206 (E.D.N.Y. 1999) .......................................................................8

*Employers Ins. of Wausau v. Fox Entm't Group, Inc.*,
    522 F.3d 271 (2d Cir. 2008).....................................................................................5

*Eternal Asia Supply Chain Mgmt. (USA) Corp. v. EQD Corp.*,
    No. 12 CIV. 0058 JPO, 2012 WL 6186504 (S.D.N.Y. Dec. 12, 2012)................................5, 6

*First City Nat'l Bank & Tr. Co. v. Simmons*,
    878 F.2d 76 (2d Cir. 1989).......................................................................................5

*Franze v. Bimbo Food Bakeries Distribution, LLC*,
    No. 17-3556 (S.D.N.Y.).........................................................................................1, 2

*Howard v. Klynveld Peat Marwick Goerdeler*,
    977 F. Supp. 654 (S.D.N.Y. 1997) ......................................................................5, 8

*Joao Control & Monitoring Sys., LLC v. City of Yonkers*,
    No. 12 Civ. 7734(KBF), 2013 WL 5230817 (S.D.N.Y. July 15, 2013) ..................................8

*Phipps v. New York*,
    No. 907-CV-0372 TJM GJD, 2007 WL 1231769 (N.D.N.Y. Apr. 26, 2007)..........................8

*Puello v. Bimbo Foods Bakeries Distribution, LLC*,
    No. 17-4481 (S.D.N.Y.)................................................................................. *passim*

*Reliance Ins. Co. v. Six Star, Inc.*,
    155 F. Supp. 2d 49 (S.D.N.Y. 2001).......................................................................8

*Rico Records Distribs., Inc. v. Ithier*,
    364 F. Supp. 2d 358 (S.D.N.Y. 2005)......................................................................9

*Spotless Enters., Inc. v. The Accessory Corp.*,
    415 F. Supp. 2d 203 (E.D.N.Y. 2006) ...................................................................9

*Traver v. Lowe's Home Centers, LLC*,
    No. 12CIV3528AMDPK, 2016 WL 880169 (E.D.N.Y. Mar. 1, 2016)...................................2

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2012) ..............................................................5, 9

**Statutes**

Fair Labor Standards Act ...................................................................................2

N.Y. Lab. Law §§ 193, 195(3)............................................................................6

N.Y. Lab. Law § 862-b .....................................................................................7

N.Y. Lab. Law § 862-d .....................................................................................2

N.Y. Lab. Law § 862-e .....................................................................................2

New York Labor Law ............................................................................. *passim*

State Commercial Goods Transportation Industry Fair Play Act .......................... *passim*

## I.      INTRODUCTION

In the present case, Plaintiffs Eric Burke, Craig Barker, Rick Calton, Arthur Salisbury, William Cory Tanner, Brian Tanner, and Tony Weaver (collectively "Plaintiffs") assert class action claims against Defendants Bimbo Bakeries USA, Inc.[1] and Bimbo Foods Bakeries Distribution, LLC (collectively, "Defendants") for alleged unlawful deductions and inaccurate wage statements under the New York Labor Law ("NYLL").  Their claims all turn on the issue of whether Plaintiffs and putative class members properly were classified as independent contractors or instead were employees.  These claims are also the subject of *Puello v. Bimbo Foods Bakeries Distribution, LLC*,[2] which was initiated in June 2017 and is presently stayed pending the appeal of a related case asserting class claims for the same class.[3]

Plaintiffs brought these same class claims in an action in the Northern District of New York.[4]  The Court properly dismissed the claims pursuant to the Second Circuit's "first-filed" rule, as the Court concluded that they were "so substantially similar" to the class claims in *Puello* (not to mention *Franze*) that dismissal was warranted.  Plaintiffs curiously then re-filed their third-in-line class claims in this case.  Their claims should meet the same fate as in the Northern District of New York, as it is improper to pursue in now a third overlapping class action case the same class claims for the same class that have been pending for years.  The Court should dismiss

---

[1] Plaintiffs entered into the operative distribution agreements with either a predecessor of BFBD or BFBD itself, not BBUSA.  As a result, BBUSA is not a proper defendant to this action.

[2] *Puello v. Bimbo Foods Bakeries Distribution, LLC*, No. 17-4481 (S.D.N.Y.) (Karas, J.) (*"Puello"*).  A copy of the operative *Puello* complaint (Dkt. No. 26) is attached here as Exhibit ("Ex.") A.

[3] Per the parties' agreement, *Puello* is stayed pending the appeal of *Franze v. Bimbo Food Bakeries Distribution, LLC* , No. 17-3556 (S.D.N.Y.) ("*Franze*").  Having been filed in May 2017, *Franze* was the first in the trilogy of contractor misclassification class actions that have been filed against Defendants in this Circuit and is currently on appeal before the Second Circuit Court of Appeals following the district court's grant of summary judgment in favor of Defendants (Dkt. No. 117).

[4] *See Burke v. Bimbo Bakeries USA, Inc.*, No. 19-cv-0902 (N.D.N.Y.) (D'Agostino, J.) ("*Burke NDNY*").

Plaintiffs' class claims in favor of those in the first-filed *Puello* action, given that the underlying facts are the same in all material respects, the claims are virtually identical, the theories of liability are indistinguishable, and the putative class in the present case is totally encompassed by the putative class in *Puello*.

Plaintiffs are free to press ahead with their individual state law claims if that is their preference over relying on the already pending state law class claims on their behalf.[5]   And there is no prejudice to the absent class members, whose claims were tolled by the filling of the earlier actions and who are fully encompassed within the *Puello* (not to mention *Franze*) classes.

## II.    PROCEDURAL BACKGROUND

Plaintiffs initiated the *Burke NDNY* case on July 23, 2019, and subsequently filed their operative Amended Complaint on September 13, 2019, alleging that Defendants misclassified them as independent contractors in violation of the Fair Labor Standards Act ("FLSA") and the NYLL.  *See Burke*, No. 19-cv-0902, Dkt. No. 16 ¶ 1.  More specifically, Plaintiffs asserted individual claims for unpaid overtime wages under the FLSA, as well as individual and class claims under the NYLL, seeking to represent all other current and former Independent Business Partners ("IBPs") who contracted with Defendants in the State of New York from 2014 to the

---

[5] Per this Court's direction, Defendants are deferring their arguments regarding Plaintiffs' inability to show they were misclassified as independent contractors under The New York State Commercial Goods Transportation Industry Fair Play Act ("Fair Play Act") until summary judgment.  This includes, *inter alia*, that Plaintiffs cannot assert a private right of action under the Fair Play Act.  The relevant portion of the Fair Play Act allows for civil and criminal penalties but does not allow for a private right of action.  *See* N.Y. Lab. Law § 862-d.  It is evident that by not including a private right of action in this section of the statute, the New York State Legislature intended to make civil penalties the sole remedy for violations of the Fair Play Act's misclassification standard.  This is especially true considering that the retaliation provision of the Fair Play Act *does* include such a right.  *See* N.Y. Lab. Law § 862-e ("Any act of retaliation under this section shall subject an employer to the civil penalties under section eight hundred sixty-two-d of this article, ***or to a private cause of action***, or both.") (emphasis added).  Granted, no court has explicitly addressed this question under the Fair Play Act, but the Construction Industry Fair Play Act, which includes a misclassification enforcement provision nearly verbatim to Fair Play Act's, "does not expressly authorize a private right of action," but rather "contemplates enforcement by the state's Department of Labor, the Worker's Compensation Board, and the Department of Tax and Finance." *See Traver v. Lowe's Home Centers, LLC*, No. 12CIV3528AMDPK, 2016 WL 880169, at *2 (E.D.N.Y. Mar. 1, 2016).

present.  *Id.* ¶¶ 50-68.  As to these state law claims, Plaintiffs sought unpaid overtime, recoupment of alleged unlawful deductions, and relief for alleged notice and recordkeeping violations under provisions of the NYLL.  *Id.* ¶¶ 56-68.

However, two-years prior to *Burke NDNY*, Defendants had been sued in the Southern District of New York by other IBPs, who alleged virtually-identical state law class claims based on the same theory of independent contractor misclassification on behalf of the very same class. *See Puello,* No. 17-cv-4481 (S.D.N.Y.) (Karas, J.), Dkt. Nos. 1 (Complaint) & 26 (Amended/Operative Complaint).  As such, Defendants filed a partial motion to dismiss the *Burke NDNY* Amended Complaint on October 4, 2019, based, in part, on the argument that there was so much overlap between the claims in the earlier-filed *Puello* matter and the *Burke NDNY* state law class claims that the latter claims should be dismissed pursuant to the first-filed rule. *See Burke NDNY*, Dkt. No. 19 at 22-24.  Specifically, Defendants argued that the putative *Puello* class covered the entire putative class in *Burke NDNY,* both advanced the same state law claims, and both actions turned on a determination as to the contractor/employee status of the same individuals based on many of the same factual assertions regarding Defendants' alleged control over Plaintiffs and their putative class.  *Id.*

The *Burke NDNY* Court agreed with Defendants' motion and dismissed Plaintiffs' state-law class claims, stating that "[c]omparison of this action to the *Puello* action reveals that the class/collective claims are 'so substantially similar as to require dismissal' of the state law claims in this matter." *Burke v. Bimbo Bakeries USA, Inc*., No. 519CV902MADATB, 2019 WL 6068038, at *2 (N.D.N.Y. Nov. 15, 2019) (citation omitted).  In reaching its decision, the *Burke NDNY* court found the following factors especially relevant:

- Both *Burke NDNY* and *Puello* assert identical claims for unlawful deductions and failure to issue wage statements under the NYLL.

- Like *Burke NDNY*, *Puello* expressly references the Fair Play Act and elements of the so-called "ABC Test" of independent contractor status to support the state law claims.

- Both cases turn on the question of whether the plaintiffs are properly classified as employees or independent contractors under New York law.

- The putative classes in *Burke NDNY* and *Puello* were identical (except for the fact that the *Puello* class extended back by a number of additional years).

*Id.* Of course, Plaintiffs had attempted to counter these factors by arguing that *Burke NDNY* differed from *Puello* in a portion of the relief it sought, but the court still found dismissal of the claims appropriate because "notwithstanding that the substance of the compensation claims and the relief sought by the parties differs to a slight degree, the Court finds that the duplicative nature of the totality of claims asserted and the relief sought warrants application of the 'first-filed' rule in this matter." *Id.* (citation and quotations omitted).

Plaintiffs, however, were undeterred. On December 3, 2019, Plaintiffs filed the present action in the Southern District of New York ("*Burke SDNY*"), advancing allegations that were nearly identical to those that they had made in *Burke NDNY*. *See* Dkt. No. 1. In fact, many paragraphs of the *Burke SDNY* Complaint are verbatim or almost verbatim to those in the *Burke NDNY* Amended Complaint. *Compare, e.g., Burke NDNY* Action, Dkt. No. 16 ¶¶ 1-12, 16-49, 56-68 with Dkt. No. 1 ¶¶ 1, 4-14, 17-64. Specifically, Plaintiffs again assert state law claims on an individual and class action basis on behalf of all other current and former IBPs who contracted with Defendants in the State of New York. Dkt. No. 1 ¶ 11. Likewise, Plaintiffs again seek unpaid overtime, recoupment of alleged unlawful deductions, and relief for alleged notice and recordkeeping violations under provisions of the NYLL. *Id.* at ¶¶ 52-64. Indeed, there are no material differences for purposes of the first-filed rule analysis between the

4

operative pleadings in *Burke NDNY* and *Burke SDNY*. Thus, Defendants renew their motion to dismiss Plaintiffs' state law class claims via application of the first-filed rule.

## III.    ARGUMENT

### A.    Plaintiffs' Claims Should Be Dismissed Pursuant To The First-Filed Rule.

As a general rule, "[w]here there are two competing lawsuits, the first suit should have priority." *Employers Ins. of Wausau v. Fox Entm't Group, Inc*., 522 F.3d 271, 274-275 (2d Cir. 2008) (citations and quotations omitted); *see also Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664 (S.D.N.Y. 1997) ("[A] court has the power to dismiss a second duplicative suit . . . absent a showing of balance of convenience or special circumstances giving priority to the second suit.") (citation omitted).   "Dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits." *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404 (E.D.N.Y. 2013); *see also First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) (noting that the "first to file rule embodies considerations of judicial administration and conservation of resources").  When considering whether to dismiss the latter-filed action, a court "considers whether the lawsuits at issue assert the same rights, and seek relief based upon the same facts[,]" but the actions "need not be identical . . . ." *Castillo*, 960 F. Supp. 2d at 404; *see also Eternal Asia Supply Chain Mgmt*. *(USA) Corp. v. EQD Corp.*, No. 12 CIV. 0058 JPO, 2012 WL 6186504, at *12-16 (S.D.N.Y. Dec. 12, 2012) (articulating a four-factor test for evaluating the appropriateness of dismissal based on the first-filed rule).  Instead, there need only be "substantial overlap" between the two cases. *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 247 (E.D.N.Y. 2012).

In *Eternal Asia Supply*, the court granted a motion to dismiss on first-filed grounds after employing an instructive, four-prong analysis to determine whether the rule was

applicable. *See Eternal Asia Supply*, 2012 WL 6186504, at \*12-16.  Specifically, the court considered: (1) whether the issues between the actions were substantially similar; (2) whether the parties are substantially similar; (3) policy considerations; and (4) whether the "special circumstances" exception of an improper anticipatory declaratory judgment motion was implicated. *See id.*   When applied to the present case, these factors make clear that Plaintiffs' class claims should be dismissed.

As an initial matter, it is readily evident that the actions and parties are substantially similar in the present case and *Puello*, which satisfies the first two *Eternal Asia Supply* elements:

- Both involve named Plaintiffs who assert that they are or were IBPs who contracted with Defendants. *See* Compl. ¶1; Ex. A ¶¶ 10 & 26.

- Both seek to represent a class of all other current/former IBPs in the state of New York. *See* Compl.  ¶ 48; Ex. A ¶¶ 10 & 26.

- Both assert identical claims for violations of the New York Labor Law, *i.e.*, for unlawful deductions and failure to issue wage statements under N.Y. Lab. Law §§ 193, 195(3). *See* Compl. ¶¶ 52-60   Ex. A ¶¶ 36-41, 53-56.

- Both base their claims on the theory that they were misclassified as independent contractors instead of employees under the NYLL and rely on the Fair Play Act. *See, e.g.*, Compl. 53; Ex. A ¶43.

In short, these shared characteristics underscore the overwhelming overlap between the present case and *Puello*, weighing heavily in favor of dismissal by application of the first-filed rule.

As they have in the past (*see, e.g.*, Dkt. No. 13 at 2), Plaintiffs surely will argue that the present case and *Puello* are different, based on alleged differences in the contractor classification standards articulated by the cases and the relief sought by the cases.  However, these arguments

are meritless, and the Court should follow the *Burke NDNY* court's lead in dismissing them.  In *Burke NDNY*, the court rejected Plaintiffs' argument that the first-filed rule should not be applied because the claims in *Puello* allegedly were brought under the a "right to control" test, not the Fair Play Act's "ABC Test". *See Burke* 2019 WL 6068038, at *2.  To be sure, the Court here should do the same, as the *Puello* complaint unambiguously asserts that "Defendants misclassified the Class as independent contractors in violation of the spirit of the **New York State Commercial Goods Transportation Industry Fair Play** Act, NYLL § 862-b, which became effective on April 10, 2014," as well as alleges that "Plaintiffs and the Class are employees, and not independent contractors" pursuant to the elements of the ABC Test recited in the Fair Play Act. *See* Ex. A ⁋ 45. (emphasis added).  The overlap could not be more clear.

The *Burke NDNY* court also rejected Plaintiffs' assertion that the first-filed rule is inapplicable because the *Puello* complaint does not expressly seek overtime damages, *see Burke*, 2019 WL  6068038 at *2. There, the Court stated that, regardless of each element of relief sought, the claims in *Puello* ultimately turn on the same issues of law and fact as the claims in *Burke NDNY*, making application of the first-filed rule appropriate. *See id.*  Moreover, whether the *Puello* plaintiffs in fact seek overtime damages remains an open question, despite Plaintiffs' insistence that they do not.  The *Puello* complaint pleads a claim for "common law misclassification" and asks that the plaintiffs be "entitled to the rights and benefits of an employee" separate from their claim for unlawful deductions.  Ex. A ⁋⁋ 42-46.  Any logical definition of the "rights and benefits of an employee" would surely include overtime wages and begs the question of what other damages the *Puello* plaintiffs could have been seeking under this count *besides* overtime given that they separately assert a claim for deductions like in this action.

Furthermore, policy considerations heavily favor dismissal, even though the parallel cases at issue are not pending in separate districts.  Indeed, a federal court may dismiss a suit "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court *or in the same federal court*."  *Howard*, 977 F. Supp. at 664 (citation and quotations omitted) (emphasis added); *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215 (E.D.N.Y. 1999) (same); *Phipps v. New York*, No. 907-CV-0372 TJM GJD, 2007 WL 1231769, at *1 (N.D.N.Y. Apr. 26, 2007) (same).  This makes sense.  The policy considerations that animate the first-filed rule – *e.g.*, "conserving judicial resources, minimizing expense to the parties, and effecting comprehensive disposition of litigation" – remain just as pertinent where, as here, parallel cases are pending in the same court.  *Joao Control & Monitoring Sys., LLC v. City of Yonkers*, No. 12 Civ. 7734(KBF), 2013 WL 5230817, at *2 (S.D.N.Y. July 15, 2013).

Moreover, it is axiomatic that "[t]he first-filed rule is not to be applied mechanically," *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 (S.D.N.Y. 2001), but rather is an extension of the broad judicial discretion that federal courts enjoy with respect to docket administration. *See Howard*, 977 F. Supp. at 664 (noting, in the context of a first-filed argument, that "[i]t is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases").  Simply put, if this Court were to retain jurisdiction of the class claims in the present case, it would unnecessarily require the Court to "reexamine parallel issues that will be raised and decided in *Puello*, and would waste considerable time and judicial resources." *Burke*, 2019 WL 6068038, at *3 (citation and quotations omitted).  Furthermore, it would be "patently unfair" to require Defendants to

8

litigate the class claims here at the same time as those are being litigated in the *Puello* action – doubling all discovery and briefing at great expense while risking inconsistent outcomes and with no benefit to the class members. *See id.*

Finally, no special circumstances exist here to justify departure from the first-filed rule.  Generally, courts have only refused to apply the first-filed rule on these grounds in "improper anticipatory actions" or where the "balance of convenience and interest of justice" favors the court in which the second suit was brought. *Spotless Enters., Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205–06 (E.D.N.Y. 2006) (quotations omitted).  "'Improper anticipatory actions' include cases where the record suggests that forum-shopping motivated the filing of the suit and choice of venue." *Wyler-Wittenberg*, 899 F. Supp. 2d at 246 (citation omitted.

As in the *Burke NDNY* case, the Court should reject any argument that special circumstances exist here. *See Burke*, 2019 WL 6068038, at *3.  At no point in *Burke NDNY* or the instant litigation have Plaintiffs levelled an allegation of forum shopping or any other improper anticipatory action.  Additionally, when courts evaluate whether special circumstances exist to justify departure from the first-filed rule, they consider the "convenience of witnesses," "location of relevant documents," "convenience and relative means of the parties[,]" "locus of the operative facts[,]" each court's "respective familiarity with the governing law[,]" "the weight accorded to the plaintiff's choice of forum[,]" "trial efficiency[,]" and "any other relevant factors . . . ."  *See Rico Records Distribs., Inc. v. Ithier*, 364 F. Supp. 2d 358, 361 (S.D.N.Y. 2005).  Here, Plaintiffs would receive no additional convenience and/or benefit that would justify a departure from the rule.  Indeed, the location of this litigation and even the presiding judge evaluating the merits of Plaintiffs' class claims

are the same as in the *Puello* case, essentially rendering the possibility of forum shopping and/or the issues of convenience/justice effectively moot.  As such, the Court should not hesitate to apply the first-filed rule to Plaintiffs' class claims in the present case.

## IV.     CONCLUSION

For the reasons articulated above, Defendants respectfully request that the Court grant this Motion to Dismiss, employing the first-filed rule to dismiss Plaintiffs' class claims in favor of the class claims currently pending in *Puello*.  Plaintiffs of course remain free to continue to press their individual class claims, subject to all of Defendants' defenses.